UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

MICHAEL LYNN ANDERSON,

        Petitioner,                  Case No. 1:21-cv-108

v.                                         Honorable Robert J. Jonker

MATT MACAULEY,

        Respondent.
_____/

## ORDER OF TRANSFER
## TO SIXTH CIRCUIT COURT OF APPEALS

This is a habeas corpus action filed by a state prisoner under 28 U.S.C. § 2254. At least it appears to be. It is titled a motion for relief from judgment under Federal Rule of Civil Procedure 60; however, it is not filed under the caption or case number of any of Petitioner's previous actions in this Court. Instead, it appears to be a motion seeking relief from the judgment of the state court that has resulted in Petitioner's incarceration. The "motion" specifically challenges the constitutional validity of Petitioner's conviction and sentence and seeks release; therefore, the Court concludes it is properly construed as a petition for habeas relief under 28 U.S.C. § 2254.

Petitioner Michael Lynn Anderson is incarcerated with the Michigan Department of Corrections at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. This is not Petitioner's first habeas corpus action challenging his convictions and sentences. On March 14, 2008, Petitioner filed a petition in this Court. *Anderson v. Prelesnik*, No. 1:08-cv-250 (W.D. Mich.) (*Anderson I*). The petition was dismissed on March 26, 2010, for failure to raise a meritorious federal claim. The Sixth Circuit denied a certificate of appealability on May 17, 2011.

Four years later, Petitioner filed a motion for relief from judgment.  The Court construed that motion as a successive habeas petition and transferred the matter to the Sixth Circuit on February 9, 2016.  The Sixth Circuit dismissed the transferred petition for lack of prosecution on May 2, 2016.

On August 24, 2018, Petitioner filed another petition contesting the constitutionality of his incarceration.  *Anderson v. Jackson*, No. 1:18-cv-959 (W.D. Mich.) (*Anderson II*).  The Court transferred the petition to the Sixth Circuit as second and/or successive on September 5, 2018.  By order entered February 25, 2019, the Sixth Circuit denied Petitioner's motion for authorization to file a second or successive petition.

Petitioner's current petition is subject to the "second or successive" provision of the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (AEDPA).  28 U.S.C. § 2244(b); *see also Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007).  A successive petition raises grounds identical to those raised and rejected in a prior petition.  *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987).  A second petition is one which alleges new and different grounds for relief after a first petition was denied.  *McCleskey v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993) (distinguishing second petitions and successive petitions).

A prior dismissal with prejudice has a preclusive effect under § 2244, though a prior dismissal without prejudice does not.  *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998).  Both dismissals on the merits and certain types of decisions reached before a merits determination are dismissals with prejudice that have a preclusive effect.  *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)).

For example, a dismissal with prejudice based on procedural default is "on the merits" and, thus, a subsequent habeas application would be second or successive. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). Similarly, a dismissal on the basis of the statute of limitations is a decision on the merits, rendering a subsequent application second or successive. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."). This Court dismissed *Anderson I* on the merits; thus, the instant petition is second or successive.

Before a second or successive application may be filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard). Petitioner did not seek the approval of the Sixth Circuit Court of Appeals before filing this petition. The appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Accordingly,

**IT IS ORDERED** that this application for habeas relief is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

Dated: February 16, 2021 /s/ Ray Kent
United States Magistrate Judge